**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                               CASE NO:  8:03-CR-231-T-30EAJ

FRANCO FIERRO SOTO
_____/

# ORDER

THIS CAUSE comes before the Court upon pro se Defendant's Motion to Eliminate Enhancements and Reduce Sentence (Dkt. #149).  Upon review and consideration, the Court finds that the motion should be denied.

Defendant filed the instant motion seeking resentencing based on the recent Supreme Court decision in *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738, 756 (Jan. 12, 2005) (finding that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial).

Absent very specific exceptions, not applicable in this case, once sentence is imposed and a judgment entered in a criminal case, the Court cannot unilaterally modify a sentence it has imposed. *See* 18 U.S.C. § 3582(c) (1988).  The Bureau of Prisons has not filed a motion to reduce the term of imprisonment, and Defendant has not cited any statute or rule of criminal procedure which expressly permits a modification of his sentence.     Even if the Court were to construe Defendant's motion as a request for relief pursuant to 28 U.S.C. § 2255, *but see Castro v. United States*, 277 F.3d 1300, 1305 (11th Cir. 2002) (district court

must apprize "all defendants of the circumstances that may impair or preserve their right to habeas review"), he would not be entitled to the relief he is seeking. The United States Court of Appeals for the Eleventh Circuit recently held that the Supreme Court's *Booker* decision is not retroactively applicable to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (citing *Schriro v. Summerlin*, 542 U.S. ___, 124 S.Ct. 2519, 2526-27 (2004)). In *Varela*, the Eleventh Circuit explained that *Booker's* constitutional rule is a "prototypical procedural rule" that "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to section 2255 cases on collateral review" and is not a "'watershed rule[ ] of criminal procedure' to be applied retroactively." 400 F.3d at 867-68. In the absence of a decision by the United States Supreme Court or the Eleventh Circuit, *en banc,* determining otherwise, *Varela* remains the controlling law in this circuit.

ACCORDINGLY, the Court **ORDERS** that Defendant's Motion (Dkt. #149) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 15, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record

*F:\Docs\2003\03-cr-231.order 149.wpd*